57 CCPA

**MANIFATTURE LANE PETTINATE ANGELO BORGHI S. p. A.,**
Appellant,

v.

**PATONS & BALDWINS, LIMITED,**
Appellee.

**Patent Appeal No. 8288.**

United States Court of Customs and Patent Appeals.
April 30, 1970.

**1272**

Michael S. Striker, New York City, for appellant.

Russell E. Law, Washington, D. C., Burgess, Ryan & Hicks, New York City, for appellee.

Before WORLEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and Richardson, Judge, United States Customs Court, sitting by designation.

RICH, Judge.

This appeal by Manifatture Lane Pettinate Angelo Borghi S. p. A., an Italian corporation, is from the decision of the Patent Office Trademark Trial and Appeal Board, abstracted at 155 USPQ 759, sustaining the opposition filed by Patons & Baldwins, Limited, a British corporation.

The record discloses that appellant filed an application[1] to register for "woollen yarns" the following mark:

[A1718]

---

1. Serial No. 210,143, filed Jan. 18, 1965, based on Italian Reg. No. 105,829, of Feb. 1, 1952.

Appellee-opposer is the owner of a registration [2] which describes the mark as consisting of "the representation of a bee hive with the letters 'B B' and the representation of two bees thereon," and as being for "yarns." The drawing is here reproduced:

J & J. BALDWIN.

BEE HIVE
TRADE MARK

B B

[A1719] HALIFAX.

The registration states:

Above the bee hive are the letters, character, and words "J. & J. Baldwin, Bee Hive, Trade Mark" and at the foot the words "Registered, Halifax" but these words, character, and letters do not form part of our trademark and may be omitted.

The record supports the findings of the board that appellee's yarns have been sold in the United States during the past eleven years under a mark substantially as disclosed above with the J. & J. Baldwin feature omitted; that during the past six years approximately $920,000 worth of appellee's goods so marked were sold in this country; that priority of use resides with appellee; that the goods of the parties constitute like goods and the only question is whether appellant-applicant's mark so resembles that of opposer-appellee as to be likely to cause confusion.

In sustaining the opposition, the board stated:

Applicant's mark is composed of three essential features, namely, the stylized figure of a woman who is sitting in an armchair and is knitting, a giant ball of wool, and the three B's.

Opposer's mark as actually covered by the registration comprises the letters "B B" superimposed upon a bee

2. No. 25,669, issued December 18, 1894, to a predecessor and renewed to opposer in 1964.

hive encompassed by flowers and foliage.

The letters "B B" in opposer's mark comprise an essential and distinguishing feature thereof.

To order or call for applicant's goods orally, one would necessarily rely upon the letters "B. B. B." Furthermore the letters forming part of applicant's mark comprise the only literal portion thereof. The letters "B. B. B." are clearly an essential and distinguishing feature of applicant's mark.

Since the goods of the parties are like goods [yarns] and since the essential and distinguishing features of the respective marks are so nearly alike, it is our opinion that applicant's mark, in its entirety, so resembles the mark of opposer as to be likely to cause confusion or mistake. This opinion is not without doubt but the doubt must be resolved in favor of the prior user.

Upon consideration of the record and briefs and arguments of counsel, we are not persuaded of reversible error in the decision of the board and it is affirmed.

Affirmed.